**SO ORDERED.**

**SIGNED this 21 day of August, 2009.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | | |
|---|---|---|---|
| In re: | Cornerstone Log & Timber Homes, Inc. Debtor. | Case No. | 09-04503-8-RDD |
| Address: | P.O. Box 438 Red Oak, NC 27868 | Chapter: | 7 |

ORDER GRANTING RELIEF FROM STAY

THIS MATTER having come before the Court upon Motion of James and Deborah Hussmann (hereinafter "Movant"), requesting the entry of an Order modifying the automatic stay in order to permit the Movant to pursue the Civil Action (described herein below) in the state court in accordance with applicable state law and to engage in discovery with the Debtor, and to do such other acts as are part of or ancillary to the litigation of the Civil Action under applicable state law, in order to liquidate the Movant's claim for submission to the North Carolina Homeowner's Recovery Fund.

IT APPEARING TO THE COURT that Movant initiated the Civil Action by filing a Complaint against the Debtor on March 27, 2009, in the Rutherford County, North Carolina, Docket Number 09-CvS-455, and captioned "James and Deborah Hussmann v. Cornerstone Log & Timber Homes, Inc. ("Civil Action").

IT FURTHER APPEARING TO THE COURT that Movant is requesting that the automatic stay be modified so as to allow the Movant to proceed to litigate the Civil Action in order to determine the amount of its damages proximately resulting from the breach of contract by the Debtor.

IT FURTHER APPEARING TO THE COURT that modifying the automatic stay is in the best interest of judicial economy, and it will not prejudice the interest of the Trustee, other creditors, or other parties in interest, nor will it impair the administration of the Estate.

IT FURTHER APPEARING TO THE COURT that good cause exists to justify the modification of the automatic stay pursuant to 11 U.S.C. § 362(d).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay imposed by 11 U.S.C. §362 is modified so as to permit James and Deborah Hussmann, the Movant, to pursue the Civil Action in the state court in accordance with applicable state law in order to liquidate their claim against the Debtor. The 10-day stay provided in Rule 4001(a)(3) is inapplicable to this Order.

[END OF DOCUMENT]