**SO ORDERED.**

**SIGNED this 09 day of February, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

CORNERSTONE LOG & TIMBER       CASE NUMBER: 09-04503-8-JRL
HOMES, INC.,                                          CHAPTER 7

     DEBTOR.

ORDER DENYING MOTION FOR RELIEF FROM STAY

This matter came before the court on the creditor's motion for relief from stay. A hearing was held on January 24, 2011 in Raleigh, North Carolina.

On May 30, 2009, the debtor filed a petition under chapter 7 of the Bankruptcy Code. William Shaw, Jr. ("Shaw") was president and fifty percent (50%) owner of the debtor. Shaw filed an affiliated case under chapter 7, as an individual, on May 27, 2009 (Case No. 09-04409-8-RDD). Discharge in the individual case was granted on December 23, 2009; the case was closed on the same date. Mary Lou and Paul Tortorete, unsecured creditors of Shaw, moved to reopen the individual case. On February 2, 2011, the motion to reopen was denied.[1] The Tortoretes are also creditors of the debtor.

---

[1] The court, finding that the Tortoretes failed to carry the burden of proof under 11 U.S.C. § 350(b), did not reach the issue of whether pursuit of criminal proceedings violated 11 U.S.C. § 524(a).

In this instance, relief from the automatic stay is sought for the purpose of approaching appropriate government authorities with facts of the debtor's business dealings. Specifically, the Tortoretes contend that the debtor, through its principals and agents, acted fraudulently when it accepted funds for the construction of a log home, but failed to complete construction or refund money. At the hearing, Mary Lou Tortorete testified that she and her husband contracted with the debtor in July 2008 for a $700,000.00, three bedroom, two and a half bath log house. The house was intended to be a retirement home for the couple. Fees in the approximate amount of $23,644.00 were paid to the debtor as "start up." Funds were then wired to the debtor in increments upon receipt of invoices.

Based on invoices, the Tortoretes believed construction was progressing as intended. Emails were exchanged with Terri Groves, Shaw's business partner and a principal of the debtor, regarding placement of a superior wall foundation; installation of well and septic systems; and the milling of logs, which further led to the belief that the home was being built. However, in December 2008, Mrs. Tortorete visited the property and discovered unimproved raw land. When the Tortoretes later met with Shaw and Groves, they explained that the business was failing and a petition for bankruptcy was pending. No explanation was offered for the whereabouts of the $233,199.41 wired to the debtor by the Tortoretes. Mrs. Tortorete further stated that she is fully aware that the debtor is insolvent and will be unable to refund her money through either bankruptcy or criminal proceedings. If relief from the stay were granted, the Tortoretes' interest is the pursuit of "justice," making certain no other individuals would be harmed by the acts of the debtor.

Section 362(b)(1) does not prevent commencement or continuation of criminal

proceedings against the debtor.  This court previously noted a possible exception in the case of a creditor approaching prosecutorial entities to prompt a criminal action with the primary purpose of debt recovery.  In re Negrete, Case No. 07-00540-8-JRL (Bankr. E.D.N.C. August 10, 2009); In re Byrd, 256 B.R. 246 (Bankr. E.D.N.C. 2000).  Mrs. Tortorete's unimpeached testimony does not fit within the exception.  The stark reality of the present case is that nearly a quarter million dollars from a retirement account is gone without explanation or beneficial return.  Fully understanding that the debtor is an insolvent corporation without an ability to pay restitution, and with no intention to collect a debt, the Tortoretes would not be in violation of 11 U.S.C. §362(b)(1) were they to approach the appropriate governmental authorities.  Relief from the stay is not necessary.

      Based on the foregoing, the motion for relief from stay is **DENIED**.

**END OF DOCUMENT**